## Hale Elevator Co. v. George W. Hale, Ex'r, etc.

1. INSTRUCTIONS—*When Not Error to Refuse.*—It is not error to
refuse an instruction the substance of which is covered by other instruc-
tions given in the same case.

2. SAME—*Abstract Propositions of Law, When Not Reversible Error.*
—In an action between parties to a contract an instruction that " if the
jury think that any circumstance proven in the case is of greater weight
in determining any issue than the oral testimony of witnesses they are
at liberty to so decide, is in form the statement of an abstract proposi-
tion of law and for that reason objectionable, but is not necessarily
reversible error.

Assumpsit, on a written contract.   Appeal from the Circuit Court of
Cook County: the Hon. CHARLES G. NEELY, Judge, presiding.   Heard
in the Branch Appellate Court at the October term, 1900.   Affirmed.
Opinion filed November 26, 1901.

WING & CHADBOURNE, attorneys for appellant.

WILSON, MOORE & MCILVAINE, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellant, Hale Elevator Company, prosecutes this
appeal to reverse a judgment for $16,550 rendered against
it and in favor of the appellee, George W. Hale, executor

of the estate of William E. Hale, deceased, by the Circuit Court.

Suit was brought by William E. Hale, November 14, 1896. Declaration in assumpsit on written contracts, in and by which the appellant agreed to pay William E. Hale a certain sum (to be ascertained in the way mentioned in the contract) for getting for appellant the contracts for constructing the elevators in the Champlain and the Marquette buildings in Chicago. These contracts comprise three letters, two addressed to William E. Hale and signed by appellant, per Chas. N. Coon, general manager, and one addressed to appellant and signed by William E. Hale, and the Vertical Transit Company, per William E. Hale, treasurer.

Appellant pleaded the general issue, and under the statute gave written notice of the special matters upon which it would rely on the trial.

The special matters in defense, of which written notice was given, consisted of a certain contract of W. E. Hale with the Hale Elevator Company, whereby it was contended that Mr. Hale had previously contracted to render the same services claimed in this suit, and of the fraudulent concealment thereof by him from appellant's manager; that the contract sued on was in fraud of the prior contract, and that Hale made false statements to appellant's manager respecting material facts; that they were of a character to deceive a person of ordinary prudence, and that they were relied on, and it was solely by reason thereof the contract declared on was made.

The contract sued on was entered into October 19, 1893, and was for the securing by Hale of certain contracts for the Hale Elevator Company for the construction of elevators in the Marquette and Champlain buildings.

The prior contract entered into December 24, 1888, between Hale and the Hale Elevator Company, contains the following agreement on the part of William E. Hale and George W. Hale:

" In consideration of one dollar ($1) to them in hand paid,

and the premises and agreements herein contained, the said parties of the second part hereby covenant and agree to give so much of their time for the period of ten years from July 1, 1888, as they shall give to the elevator business in the territory reserved to them in said agreement of May 1, 1878, exclusively to the Hale Elevator Co., and to aid and assist said company in such manner as they may be able when in Chicago, without being actually engaged in the business, and to advise and consult with its officers, and to transfer to it with the business, whatever influence and assistance they may be able, to enable it to realize the full benefit and enjoyment of the business heretofore conducted by them under the firm name of W. E. Hale & Co."

This is the prior contract mentioned in the notice of special matter in defense, and contains all that Mr. Hale contracted to do.

It will be observed that by this contract Hale was not required to perform any active services whatever. He was only to give so much of his time as he should devote to the elevator business, and to aid and assist the company as he might be able when in Chicago, without actively engaging in the business, to consult and advise, and to transfer with the business whatever influence and assistance he could to make it effectual.

On the other hand, by the contract sued on, he was required to go out and actively enlist himself in procuring these contracts. He was to be paid if he secured them, otherwise not.

We do not think there was any conflict of duty under the last agreement sued on, and the prior one. The claim, therefore, of appellants, that he had done no more under the last than he was bound to do under the first contract, does not appear to us to be well founded. And for the same reason it was not his duty to disclose the first contract when he made the last one. But it is contended that Hale was guilty of fraudulent deceit upon appellant's manager concerning matters other than the alleged suppression of the existence of the agreement of 1888.

This was a question of fact which the jury passed upon on instructions that stated the law correctly. The twelfth

Hale Elevator Co. v. Hale.

and thirteenth instructions asked by appellant were sub-mitted on that subject, and were refused in the form sub-mitted, and modified and given as modified, so as to limit the effect of the false representations, if found to have been made, to the modifications of the contract thereby secured. In other words, they instructed the jury that Hale could not recover the amount of the reduction so obtained; instead of that he could not recover anything. This modification of the instruction was, we think, correct.

The other of appellant's instructions that were refused by the court were either covered by instructions that were given, or were incorrect in their statements of the law appli-cable to the case. We have already shown that the services rendered under the contract in suit were different from those which were required to be rendered under the prior contract of 1888. The two contracts called for the rendering by Mr. Hale of services of an entirely distinct character, as has already been shown. He was awarded no more than his services in procuring the contracts amounted to. The fair inference from the amount of the verdict is that he was refused a recovery for any of the services which the jury may have thought the evidence showed he laid claim to, that were covered by the prior contract of 1888.

It is argued that as to appellee's instruction number 2, it was erroneous because not based upon any evidence in the case. But we think this contention arises from a miscon-ception of the evidence. There is certainly evidence tend-ing to show that appellant's manager did consult with others about Mr. Hale's efforts to get the contracts, and did not rely upon Hale's representations and was not influenced thereby.

Appellant's counsel next directs attention to the con-cluding sentence of appellee's seventh instruction, which is as follows:

" And if you think any circumstances proven in the case are of greater weight in determining any issue than the oral testimony of witnesses, you are at liberty to so decide."

And they urge that it has no application to the case.

The preceding part of the instruction was the usual one concerning the credibility of witnesses and what may properly be considered in connection with their testimony in weighing it.

It is not plain what circumstances are referred to in the instruction, and we do not mean to approve it. Yet we can not see that it produced any harm to appellant. Proven circumstances may always be relied upon to overcome the testimony of witnesses. We regard the instruction as being in form the statement of an abstract proposition and for that reason objectionable, but not necessarily harmful.

We discover no substantial error in the admission of evidence. Even if there was error it is quite plain that no harm was done by it.

We think that substantial justice was attained by the verdict.

The jury has settled all questions of fact, and there was no substantial error of law committed. The judgment will therefore be affirmed.